## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIA KHAN, | : Civil Action No.: 1:21-cv-01476-PAE |
| Plaintiff, | : |
| v. | : **MEMORANDUM OF LAW** |
| | : **IN SUPPORT OF MOTION** |
| Z&D TOUR, INC., FEDEX GROUND | : |
| PACKAGE SYSTEM, INC. and PENSKE | : |
| TRUCK LEASING CORP., | : |
| | : |
| Defendants. | : |

---

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'s MOTION TO DISMISS
### PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) OR, IN THE
### ALTERNATIVE, MOTION TO TRANSFER PURSUANT TO THE "FIRST-FILED"
### RULE

---

By:    Christopher Fusco, Esquire
40 Exchange Place, 18th Floor
New York, New York 10005
Telephone: (877) 618-9770
Facsimile: (973) 618-9772
E-mail: cfusco@callahanfusco.com
Attorneys for Defendant, FEDEX
GROUND PACKAGE SYSTEM, INC.

**THIS MEMORANDUM OF LAW**
**WAS SERVED UPON PLAINTIFF**
**April 1, 2021 via ECF**

## TABLE OF CONTENTS

PAGE

I.     INTRODUCTION ............................................................................................1

II.    PROCEDURAL AND FACTUAL BACKGROUND.........................................1

    A.    INSTANT ACTION ............................................................................. 1

    B.    MATTERS PREVIOUSLY FILED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA.......................................... 3

III.    STANDARD OF REVIEW ............................................................................3

IV.    ARGUMENT ................................................................................................4

    A.    PLAINTIFF HAS FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THAT THIS COURT MAY EXERCISE GENERAL PERSONAL JURISDICTION OVER FEDEX GROUND. ......................................................................................... 4

        1.    FedEx Ground is not "at home" in the forum state.....................................4

        2.    FedEx Ground's designation of an agent for service of process and registration to conduct business within the forum state does not constitute consent to general personal jurisdiction. .....................................6

    B.    PLAINTIFF HAS FAILED TO PLEAD FACTS SUFFICIENT TO ESTABLISH THAT THIS COURT MAY EXERCISE SPECIFIC PERSONAL JURISDICTION OVER FEDEX GROUND. ......................................................................................... 7

        1.    Specific Personal Jurisdiction Pursuant to N.Y. CPLR 302(a)(1) ..............8

        2.    Specific Personal Jurisdiction Pursuant to N.Y. CPLR 302(a)(3) ..............9

    C.    ALTERNATIVELY, THIS MATTER MAY BE TRANSFERRED TO THE WESTERN DISTRICT OF PENNSYLVANIA PURSUANT TO THE "FIRST-FILED" RULE. ................. 11

V.    CONCLUSION ...........................................................................................15

## **TABLE OF AUTHORITIES**

**CASES**                                                                                          **PAGE(S)**

*American Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v. Lafarge*
  *North America, Inc.*,
  474 F.Supp. 2d 474 (S.D.N.Y. 2007)..................................................................13

*Arar v. Ashcroft*,
  532 F.3d 157(2d Cir. 2008) .................................................................................8

*Astor Chocolate Corp. v. Elite Gold Ltd.*,
  2020 WL 7496342 (S.D.N.Y., Dec. 21, 2020) ..................................................9

*Baduria v. Sealift Holdings, Inc.*,
  451 F.Supp.3d 248 (E.D.N.Y. 2020) ..........................................................14, 15

*Brown v. Lockheed Martin Corp.*,
  814 F.3d 619 (2d Cir. 2016)..............................................................................4, 5

*Brown v. Showtime Networks, Inc.*,
  394 F. Supp. 3d 418 (S.D.N.Y. 2019) .................................................................5

*BST Corporation v. M/V Elliot Bay*,
  443 F.Supp.3d 436 (S.D.N.Y. 2020) ...................................................................3

*D&R Global Selections, S.L. v. Bodega Olegario Falcon Pinerio*,
  78 N.E.3d 1173 (N.Y. 2017).................................................................................8

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .............................................................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) .............................................................................................5

*Famular v. Whirlpool*,
  2017 WL 2470844 (S.D.N.Y. Jun. 7, 2017) .......................................................7

*Fekah v. Baker Hughes, Inc.*,
  110 N.Y.S.3d 1 (N.Y. App. Div. 1st Dep't 2019) ..............................................6

*Fica Frico, Ltd. v. Seinfeld*,
  434 F.Supp.3d 80 (S.D.N.Y. 2020) .....................................................................9

*First City Nat. Bank and Trust Co. v. Simmons*,
  878 F.2d 76 (2d. Cir. 1989).................................................................................14

*Fleet Capital Corp. v. Mullins*,
  2004 WL 548240  (S.D.N.Y. Mar. 18, 2004)....................................................12

*Hartford Fire Ins. Co. v. Maersk Line*,
  2019 WL 4450639 (S.D.N.Y. Sep. 17, 2019) ................................................................7

*In re Aluminum Warehousing Antitrust Litig.*,
  90 F. Supp. 3d 219, 229 (S.D.N.Y. 2015) ...................................................................4

*In Re Lifetrade Litigation*,
  2021 WL 1178087 (S.D.N.Y., Mar. 29, 2021) ...........................................................5

*Kyowa Seni. Co. v. ANA Aircraft Technics, Co.*, 60 Misc. 3d 898 (Sup. Ct. New
  York Cnty. 2018) ..........................................................................................................6

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
  673 F.3d 50 (2d Cir. 2012) ..........................................................................................4

*M & M Packaging, Inc. v. Kole*,
  183 F. App'x 112 (2d Cir. 2006) .................................................................................3

*Malczuk v. Michaels Org.*,
  70 Misc. 3d 218 (Sup. Ct. Queens Cnty. 2020) ......................................................6, 10

*MasterCard Int. 'l Inc. and MasterCard Int'l, LLC v. Lexcel solutions, Inc.*,
  WL 1368299 (S.D.N.Y. June 16, 2004). ....................................................................13

*North Fork Partners Investment Holdings, LLC v. Bracken*,
  2020 WL 6899486 (S.D.N.Y., Nov. 23, 2020)...........................................................10

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
  609 F.3d 30 (2d Cir. 2010) .........................................................................................3,4

*Piller Power Systems, Inc. v. Jurek*,
  2021 WL 568752 (S.D.N.Y., Feb. 16, 2021)..............................................................12

*Qudsi v. Larios*,
  173 A.D.3d 920 (2nd Dep't 2019) ................................................................................8

*Regions Bank v. Weider & Mastroianni, P.C.*,
  170 F.Supp.2d 436 (S.D.N.Y. 2001............................................................................14

*Reliance Ins. Co. v. Six Star, Inc.*,
  155 F.Supp.2d 49 (S.D.N.Y. 2001) ......................................................................12, 13

*Rudersdal, EEOD v. Harris*,
  2020 WL 5836517 (S.D.N.Y., Sep. 30, 2020).............................................................5

*Santana v. Cavalry Portfolio Services, LLC*,
  2019 WL 6173672 (S.D.N.Y., Nov. 19, 2019).............................................................12

*Santiago v. Highway Freight Carriers, Inc.*,
    153 A.D.3d 750 (2nd Dep't 2017) ......................................................................8

*Seabrooks v, Brown*,
    2019 WL 5450445 (S.D.N.Y. Oct. 24, 2019) ...............................................9,10

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
    450 F.3d 100 (2d Cir. 2006) ............................................................................9

*Solomon Sharbart v. Iovance Biotherapeutics, Inc.*,
    2021 WL 1164717 (S.D.N.Y. Mar. 26, 2021) ..................................................5

*Thackurdeen v. Duke Univ.*,
    130 F.Supp. 3d 792 (S.D.N.Y. 2015)...............................................................11

*USA Sevens LLC v. World Rugby Limited*,
    191 A.D.3d 620 (1st Dep't 2021) ....................................................................10

*U.S. Immigration Fund LLC v. Litowitz*,
    182 A.D.3d 505 (1st Dep't 2020) ....................................................................10

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp.2d 235 (E.D.N.Y.
    2012) .....................................................................................................12, 13, 14

*Ziankovich v. Bennett*,
    67 Misc. 3d 1228 (Sup. Ct. New York Cnty. 2020) ........................................10

## OTHER AUTHORITIES                                   PAGE(S)

Fed. R. Civ. P. 12(b)(2) .................................................................1, 3, 7, 11, 15

Fed. R. Civ. P. 1447(c) ................................................................................2, 3

N.Y. CPLR 302(a) .........................................................................................7

N.Y. CPLR 302(a)(1) .............................................................................8, 9, 10

N.Y. CPLR 302(a)(3) .........................................................................8, 9, 10, 11

## I.      __INTRODUCTION__

Plaintiff cannot maintain a claim against FedEx Ground Package System, Inc. ("FedEx Ground') for the actions alleged in her Complaint as this Court lacks personal jurisdiction over FedEx Ground. FedEx Ground is neither headquartered nor incorporated in New York. As such, Plaintiff has failed to establish that this Court may exercise general personal jurisdiction over FedEx Ground as Plaintiff has failed to plead facts sufficient to establish that FedEx Ground is "at home" in this forum. Further, Plaintiff has failed to establish that this Court may exercise specific personal jurisdiction over FedEx Ground as Plaintiff has failed to plead facts sufficient to establish that the instant action arose out of FedEx Ground's business transactions within the state of New York or that the situs of Plaintiff's injuries occurred in New York. For these reasons, Plaintiff's claim against FedEx Ground should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Alternatively, in the event that the Court declines to dismiss Plaintiff's Complaint against FedEx Ground, transfer to the United States District Court for the Western District of Pennsylvania is required pursuant to the "First-Filed" rule in order to prevent duplicative litigation in multiple forums, preserve judicial and party resources, and eliminate the risk of inconsistent judgments.

## II.     __PROCEDURAL AND FACTUAL BACKGROUND__

### A.      __Instant Action__

This action arises out of a motor vehicle accident which occurred on the Pennsylvania Turnpike, I-70, on January 5, 2020. On that date, Brandon Stowers, a California resident, was operating a 2018 tractor-trailer in a westbound direction on I-70. See Police Report No. 2020-22463 attached hereto as __Exhibit "A"__[1]. The tractor operated by Mr. Stowers was hauling a trailer

---

[1] All Exhibits herein mentioned are annexed to the Declaration of Christopher Fusco, Esquire.

owned by FedEx Ground. See Exhibit "A". FedEx Ground is incorporated under the laws of the state of Delaware and maintains a principal place of business in Moon Township, Allegheny County, Pennsylvania. See February 1, 2019 Securities and Exchange Commission Form 8A Filing attached hereto as Exhibit "B".

On the date of the accident, Plaintiff was a passenger onboard a 2005 passenger bus ("2005 Bus") bearing New Jersey license plate number AT656H. See Plaintiff's Complaint attached hereto as Exhibit "C" at ¶29, ¶57. The 2005 Bus was owned by Defendant Z&D Tour, Inc. and operated by Shuangqing Feng, deceased. See Exhibit "C" at ¶30. While traveling on I-70 in Westmoreland County, Pennsylvania, the operator of the 2005 Bus lost control of the vehicle resulting in a single vehicle rollover accident. See Exhibit "A".  The 2005 Bus had rolled onto its side and came to rest blocking both lanes of travel and the shoulder on I-70. See Exhibit "A".  As a result of the 2005 Bus blocking both lanes of travel, the tractor-trailer operated by Mr. Stowers subsequently came into contact with the 2005 Bus. See Police Report No. 2020-58264 attached hereto as Exhibit "D". A tractor-trailer owned by Penske Truck Leasing, Corp. subsequently struck the rear of the tractor-trailer operated by Mr. Stowers. See Exhibit "D". Plaintiff allegedly sustained injuries as a result of the aforementioned collisions which occurred on I-70 westbound in Westmoreland County, Pennsylvania. See Exhibit "C" at ¶¶ 58-60.

Plaintiff initiated this action by the filing of a Complaint in the Supreme Court of New York, County of Bronx naming FedEx Ground, Z&D Tour, Inc. and Penske Truck Leasing, Corp. as Defendants. See Exhibit "C". On February 18, 2021, FedEx Ground filed a Notice of Removal removing the case to the United States District Court for the Southern District of New York based upon complete diversity jurisdiction. See FedEx Ground Notice of Removal attached hereto as Exhibit "E". Pursuant to Fed. R. Civ. P. 1447(c), a motion to remand a matter to state court must

be filed within thirty (30) days after the filing of the notice of removal. As such, Plaintiff is outside the time frame for filing a motion to remand in this matter as any motion to remand would have been due on or before March 22, 2021.

> ### B.     Matters Previously Filed in the United States District Court for the Western District of Pennsylvania

On November 10, 2020, the Estate of minor-decedent, Jaramey Vazquez, another passenger on the 2005 Bus, filed suit against Z&D Tour, Inc., FedEx Ground and Brandon Stowers in the United States District Court for the Eastern District of New York arising out of the same motor vehicle accident(s) which forms the basis of the instant action. See Estate of Vazquez Complaint attached hereto as Exhibit "F". The matter was subsequently transferred by the Court, *sua sponte*, to the United States District Court for the Western District of Pennsylvania based upon improper venue. See docket confirming transfer to United States District Court for the Western District of Pennsylvania attached hereto as Exhibit "G".  On February 6, 2021, Plaintiffs Cheng Ying Lian and Ivy Ou, additional bus passengers, filed suit against Z&D Tour, Inc., FedEx Ground and Brandon Stowers in the United States District Court for the Western District of Pennsylvania arising out of the same motor vehicle accident(s) which forms the basis of the instant action. See Lian Complaint attached hereto as Exhibit "H". Both the Estate of Vazquez matter, which was filed prior to the instant action, and the Lian matter remain pending in United States District Court for the Western District of Pennsylvania.

## III.     STANDARD OF REVIEW

When a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. *BST Corporation v. M/V Elliot Bay*, 443 F.Supp.3d 436, 441 (S.D.N.Y. 2020); *see also M & M Packaging, Inc. v. Kole,* 183 F. App'x 112, 114 (2d Cir. 2006); *Penguin Grp. (USA) Inc. v. Am.*

*Buddha,* 609 F.3d 30, 34-35 (2d Cir. 2010). Making a *prima facie* showing that jurisdiction exists "entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *Penguin Grp,* 609 F.3d at 35 (internal quotation marks omitted). A prima facie showing requires: (1) procedurally proper service upon the defendant; (2) a statutory basis for personal jurisdiction; and (3) that "the exercise of personal jurisdiction ... comport[s] with constitutional due process principles." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012). While a plaintiff's pleadings "are construed in the light most favorable to the plaintiff," a court "will not, however, accept legally conclusory assertions or draw argumentative inferences." *In re Aluminum Warehousing Antitrust Litig.,* 90 F. Supp. 3d 219, 229 (S.D.N.Y. 2015) (citations omitted).

## IV.   ARGUMENT

"[A] court may exercise two types of personal jurisdiction over a corporate defendant properly served with process"—specific and general. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). "Specific jurisdiction is available when the cause of action sued upon arises out of the defendant's activities in a state," while general jurisdiction "permits a court to adjudicate any cause of action against the corporate defendant, wherever arising, and whoever the plaintiff." *Id*. Here, Plaintiff has failed to plead facts sufficient to establish that either general or specific jurisdiction may be exercised over FedEx Ground under New York's long-arm statute or common law.

### A.   Plaintiff has failed to plead facts sufficient to establish that this Court may exercise general personal jurisdiction over FedEx Ground.

#### 1.   FedEx Ground is not "at home" in the forum state.

Because general jurisdiction is not related to the events giving rise to the action, courts impose a more stringent minimum contacts test requiring the plaintiff to demonstrate the

defendant's continuous and systematic general business contacts with the forum. *In Re Lifetrade Litigation*, 2021 WL 1178087, at *2 (S.D.N.Y., Mar. 29, 2021). A corporation is subject to general jurisdiction in the forum in which it "is fairly regarded as at home." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). In general, a corporation is considered "at home" only "where it is incorporated or maintains its principal place of business." *Id.* (citing *Brown v. Lockheed Martin Corp*., 814 F.3d 619, 627 (2d Cir. 2016). This Court has held that absent "exceptional cases," "a corporation is subject to all-purpose jurisdiction only in its place of incorporation and its principal place of business." *Brown v. Showtime Networks, Inc.*, 394 F. Supp. 3d 418, 430-31 (S.D.N.Y. 2019); *see also Solomon Sharbat v. Iovance Biotherapeutics, Inc.*, 2021 WL 1164717 (S.D.N.Y. Mar. 26, 2021); *Rudersdal, EEOD v. Harris*, 2020 WL 5836517 (S.D.N.Y., Sep. 30, 2020).

The "exceptional case" standard is narrowly construed and is rarely applicable. *See Daimler AG v. Bauman*, 571 U.S. 117, 137-38 n. 19 (2014). In *Brown v. Lockheed Martin Corp*., the Second Circuit addressed the "exceptional case" standard. In *Lockheed Martin Corp.*, a deceased Air Force mechanic argued that Lockheed Martin's physical presence and operations in Connecticut "for at least 30 years" presented such an "exceptional case." *Lockheed Martin Corp*., 814 F.3d at 628. The Second Circuit, applying Supreme Court precedent, explained that Daimler "considerably altered the analytic landscape for general jurisdiction and left little room" for arguments that a large corporation's substantial operations in a particular state could subject it to general jurisdiction. *Id.* "[W]hen a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how 'systematic and continuous,' are extraordinarily unlikely to add up to an 'exceptional case.'" *Id.* at 629. The court further reasoned that because corporations frequently "have presences in multiple states exceeding that of [the

defendant] in Connecticut, general jurisdiction would be quite the opposite of 'exceptional' if such contacts were held sufficient to render the corporation 'at home' in the state." *Id.* at 630. Rather, the exception is reserved for the unique situation in which the proposed forum is a "surrogate principal place of business." *Id.*

FedEx Ground is not "at home" in New York. FedEx Ground is incorporated in the State of Delaware and maintains a principal place of business in Allegheny County, Pennsylvania. See Exhibit "B". Plaintiff has failed to plead facts which establish that this is a "truly exceptional case" such that FedEx Ground will be found to be "at home" in New York despite the fact that it is neither incorporated in, nor maintains a principal place of business in, New York. To require FedEx Ground to be subjected to general jurisdiction in every state in which it conducts business would be in direct contradiction with the Second Circuit's holding in *Lockheed Martin Corp.* and Supreme Court precedent.

> ## 2.  FedEx Ground's designation of an agent for service of process and registration to conduct business within the forum state does not constitute consent to general personal jurisdiction.

Pursuant to New York law, a corporate defendant's registration to do business in New York and the designation of an agent to accept service of process within New York does not constitute consent by the corporation to submit to the general jurisdiction of New York for causes of action that are unrelated to the corporation's affiliations with the forum. *Fekah v. Baker Hughes, Inc.*, 110 N.Y.S.3d 1 (N.Y. App. Div. 1st Dep't 2019). "The number of New York courts rejecting general personal jurisdiction based solely on a foreign corporation's registration to do business [in New York] continues to grow." *Malczuk v. Michaels Org.*, 70 Misc. 3d 218, 221 (Sup. Ct. Queens Cnty. 2020) (citing *Kyowa Seni. Co. v. ANA Aircraft Technics, Co.*, 60 Misc. 3d 898 (Sup. Ct. New York Cnty. 2018)).

This Court has followed the same principles holding that the Court "[c]annot exercise general personal jurisdiction over these foreign defendants merely because defendants registered to do business in New York and designated a local agent in the state." *Famular v. Whirlpool*, 2017 WL 2470844, at *5 (S.D.N.Y. Jun. 7, 2017). With respect to cases involving motor carriers specifically, this Court has held that the designation of an agent to accept service of process as required by the Federal Motor Carrier Act does not constitute consent to general personal jurisdiction in New York. *Hartford Fire Ins. Co. v. Maersk Line*, 2019 WL 4450639, at *6 (S.D.N.Y. Sep. 17, 2019). For these reasons, this Court cannot exercise general personal jurisdiction over FedEx Ground despite the fact that FedEx Ground has registered to do business within the state of New York and designated an agent for service of process within the forum.

As Plaintiff has failed to plead facts sufficient to establish that FedEx Ground is "at home" in New York or that FedEx Ground's designation of an agent for service of process and registration to do business in New York may constitute consent to general personal jurisdiction FedEx Ground respectfully requests that this Court dismiss Plaintiff's Complaint against FedEx Ground pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

**B.    Plaintiff has failed to plead facts sufficient to establish that this Court may exercise specific personal jurisdiction over FedEx Ground.**

"A federal court's jurisdiction over non-resident defendants is governed by the law of the state in which the court sits—including that state's long-arm statute—to the extent this law comports with the requirements of due process." *Arar v. Ashcroft*, 532 F.3d 157, 173 (2d Cir.2008), *vacated and superseded on other grounds by Arar v. Ashcroft*, 585 F.3d 559 (2d Cir.2009). Pursuant to New York's long-arm statute found at N.Y. CPLR 302(a), a New York court may exercise specific personal jurisdiction over a non-resident defendant, in pertinent part, who:

(1) Transacts any business within the state or contracts anywhere to supply goods or services in the state."

    …

(3) Commits a tortious act outside the state causing injury to person or property within the state…"

N.Y. CPLR 302(a)(1) and 302(a)(3).

### 1.      Specific Personal Jurisdiction Pursuant to N.Y. CPLR 302(a)(1)

In order to determine whether specific personal jurisdiction exists under CPLR 302(a)(1), New York state courts have considered: (1) whether the defendant "purposefully availed itself of the privilege of conducting activities within the forum State by either transacting business in New York or contracting to supply goods or services in New York; and (2) whether the claim arose from that business transaction or from the contract to supply goods or services." *Qudsi v. Larios*, 173 A.D.3d 920, 922 (2nd Dep't 2019). In order to satisfy the second prong of the analysis, New York state courts have held that there must be an "articulable nexus" or "substantial relationship" between a defendant's business activities in New York and the cause of action sued upon. *Id*. (citing *D&R Global Selections, S.L. v. Bodega Olegario Falcon Pinerio*, 78 N.E.3d 1173, 1176(N.Y. 2017)); *see also Santiago v. Highway Freight Carriers, Inc.*, 153 A.D.3d 750 (2nd Dep't 2017) (holding that the trucking company defendant was not subject to specific personal jurisdiction in New York despite the fact that it transacted business within the state as the accident giving rise to the complaint occurred in Virginia and was unrelated to the defendant's activities in New York.).

New York federal courts have applied the same limitations to CPLR 302(a)(1). This Court has held that the following conditions must be met in order to assert specific personal jurisdiction over a foreign defendant pursuant to CPLR 302(a)(1): "First, the defendant must transact business within the state or contract anywhere to supply goods or services in the state. Second, the cause of

action must arise from the acts which are the basis of jurisdiction." *Astor Chocolate Corp. v. Elite Gold Ltd.*, 2020 WL 7496342 (S.D.N.Y., Dec. 21, 2020); *see also Fica Frico, Ltd. v. Seinfeld*, 434 F.Supp.3d 80, 87 (S.D.N.Y. 2020); *Seabrooks v, Brown*, 2019 WL 5450445 at *1 (S.D.N.Y. Oct. 24, 2019). Federal courts, like New York state courts, have held that to satisfy the second prong of the analysis, "requires a showing that the contacts with the state had a substantial relationship to the cause of action." *Id*. (citing *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)).

In *Seabrooks v. Brown*, 2019 WL 5450445 at *1 (S.D.N.Y. Oct. 24, 2019), plaintiff brought suit in New York against foreign defendants for personal injuries arising out of a tractor-trailer accident that occurred in Virginia. Although the defendants conducted business in New York, this Court held that CPLR §302(a)(1) did not authorize specific jurisdiction over defendants because the accident took place in Virginia and there were no factual allegations in the complaint establishing that the cause of action arose out of defendants' business transactions in New York. *Id*. at * 2. As in *Seabrooks*, there are no factual allegations in Plaintiff's Complaint establishing that the accident at issue, which occurred in Pennsylvania, arose out of FedEx Ground's business conduct in New York. Accordingly, there is no nexus to connect FedEx Ground's business activities in New York to the accident that occurred in Pennsylvania such that the Court may exercise of personal jurisdiction over FedEx Ground pursuant to §302(a)(1) of New York's long-arm statute.

## 2.    Specific Personal Jurisdiction Pursuant to N.Y. CPLR 302(a)(3)

In order to determine whether a defendant has committed a tortious act causing injury to a person "within the state" such that specific personal jurisdiction may be exercised pursuant to CPLR §302(a)(3), New York state courts have applied the situs-of-injury test. The situs of

plaintiff's injury is where "the original critical events associated with the action or dispute took place, not where any financial loss or damages occurred." *USA Sevens LLC v. World Rugby Limited*, 191 A.D.3d 620, 621 (1st Dep't 2021); *see also U.S. Immigration Fund LLC v. Litowitz*, 182 A.D.3d 505, 506 (1st Dep't 2020) (situs of injury is the location where the event giving rise to the injury occurred); *Malczuk v. Michaels Organization*, 70 Misc. 3d 218, 221 (Sup. Ct. Queens Cty. 2020) ("[t]he situs of injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff."); *Ziankovich v. Bennett*, 67 Misc. 3d 1228(A) at *13 (Sup. Ct. New York Cty. 2020). As such, if the event giving rise to plaintiffs' injuries or damages occurred outside of New York, specific personal jurisdiction may not be conferred under CPLR §302(a)(3).

This Court has applied the same situs-of-injury test when determining whether specific personal jurisdiction may be exercised over a foreign defendant pursuant to CPLR §302(a)(3). Specifically, this Court has noted that "[u]nder Section 302(a)(3), a defendant's act must have caused injury to a person or property within New York. In determining whether an injury to person or property in New York has been alleged, courts apply a situs-of-injury test, which asks them to locate the original event which caused the injury." *North Fork Partners Investment Holdings, LLC v. Bracken*, 2020 WL 6899486 at *7 (S.D.N.Y., Nov. 23, 2020); *see also Seabrooks v, Brown*, 2019 WL 5450445 at *1 (S.D.N.Y. Oct. 24, 2019) (holding that specific jurisdiction could not be exercised over foreign defendant under CPLR §302(a)(3) as the situs of the injury was Virginia, where the motor vehicle accident giving rise to the injuries occurred). An injury does not occur within the state simply because the plaintiff is a resident. *Thackurdeen v. Duke Univ.*, 130 F.Supp. 3d 792, 806 (S.D.N.Y. 2015).

As the accident which gives rise to the instant action occurred in Pennsylvania, the situs of Plaintiff's injuries is Pennsylvania notwithstanding the fact that Plaintiff may have subsequently dealt with her alleged injuries in New York. As such, and consistent with both New York state and federal law, this Court may not confer specific personal jurisdiction over FedEx Ground pursuant to CPLR §302(a)(3).

As Plaintiff has failed to plead facts sufficient to establish that this claim arose out of FedEx Ground's business transactions within the state of New York or that FedEx Ground caused injury to a person "within the state," Plaintiff has failed to plead facts sufficient to establish that this Court may exercise specific personal jurisdiction over FedEx Ground pursuant to New York's long-arm statute. Accordingly, FedEx Ground respectfully requests that this Court dismiss Plaintiff's Complaint against FedEx Ground pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

**C.      Alternatively, this matter may be transferred to the Western District of Pennsylvania pursuant to the "First-Filed" rule.**

Prior to the filing of the instant action, the Estate of minor-decedent, Jaramey Vazquez, filed suit against Z&D Tour, Inc., FedEx Ground and Brandon Stowers in the Eastern District of New York arising out of the same accident which forms the basis of instant action. As noted, the Vazquez matter was subsequently transferred to the United States District Court for the Western District of Pennsylvania where it remains pending. Like Plaintiff in the instant action, the Estate's decedent was a passenger on the Z&D Tour, Inc. bus at the time of the accident. As in the instant action, the Estate seeks to recover damages arising out of Z&D Tour, Inc., FedEx Ground and Mr. Stowers alleged negligence with respect to the operation of their respective vehicles on the date of the accident. As the Estate of Vazquez matter was the first matter filed in federal court arising out of the January 5, 2020 motor vehicle accident(s) which form the basis of the instant action, the

Court may transfer this matter to the United States District Court for the Western District of Pennsylvania pursuant to the "First-Filed" rule.[2]

The "First-Filed" rule is well-settled legal doctrine and has been applied consistently by this court. "The rule enables courts to prevent duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." *Piller Power Systems, Inc. v. Jurek*, 2021 WL 568752 (S.D.N.Y., Feb. 16, 2021). Stated differently, "'[w]here an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court,' the first court has priority." *Santana v. Cavalry Portfolio Services, LLC*, 2019 WL 6173672 (S.D.N.Y., Nov. 19, 2019). Where the "First-Filed" rule is found applicable, it is within the discretion of the district judge presiding over the subsequently filed matter to stay, dismiss or transfer the subsequently filed action. *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp.2d 235 (E.D.N.Y. 2012) ("[t]he court should take whichever action it deems proper to avoid duplication of judicial effort..."). The purpose of the doctrine is to "'avoid duplication of judicial effort, to avoid vexatious litigation in multiple forums, to achieve comprehensive disposition of litigation among parties over related issues, and to eliminate the risk of inconsistent judgments.'" *Santana* at *2 (citing *Fleet Capital Corp. v. Mullins*, 2004 WL 548240, at *2 (S.D.N.Y. Mar. 18, 2004)). To that end, this Court has noted its "[s]trong presumption in favor of the forum of the first-filed suit" in determining whether to stay, dismiss or transfer a subsequently filed action. *Reliance Ins. Co. v. Six Star, Inc.*, 155 F.Supp.2d 49, 54 (S.D.N.Y. 2001). Although application of the rule requires that the first and subsequently

---

[2] As previously noted, the Lian v. Z&D Tour, Inc. et al Complaint was subsequently filed in the United States District Court for the Western District of Pennsylvania arising out of the same January 5, 2020 motor vehicle accident. Like Plaintiff in the instant action, the Plaintiffs in Lian were also passengers on the Z&D Tour, Inc. bus at the time of the accident. Plaintiffs in the Lian matter have also named Z&D Tour, Inc., FedEx Ground and Brandon Stowers as Defendants. FedEx Ground does not dispute personal jurisdiction in the United States District Court for the Western District of Pennsylvania.

filed matters have substantially similar parties and claims, the principle requires a "substantial overlap" between the cases, in that they have "identical or substantially similar parties and claims. *American Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v. Lafarge North America, Inc*., 474 F.Supp. 2d 474 (S.D.N.Y. 2007).  This Court has noted a presumption in favor of the forum in which the first action was filed where the record presents "sufficient overlapping factual and legal issues" between the two cases. *MasterCard Int.'l Inc. and MasterCard Int'l, LLC v. Lexcel solutions, Inc.*, WL 1368299, at *7-8 (S.D.N.Y. June 16, 2004).

In *Wittenberg*, 899 F.Supp.2d 235 (E.D.N.Y. 2012), the District Court granted Defendant's Motion to Transfer the matter to the Central District of California where parallel actions were pending based upon the "First-Filed" rule. The plaintiff, a loan officer, brought suit against MetLife seeking to recover unpaid overtime and minimum wages. *Id*. Defendant MetLife filed a Motion to Transfer the matter to the United States District Court for the Central District of California where the first of three related putative collective and class actions had been filed against MetLife arising out of similar facts. *Id*. at 241. The Court concluded that there was a sufficient degree of overlap between the parties, claims and relief sought in each of the collective and class actions against MetLife so as to warrant the application of the first-filed rule. *Id*. at 244. Although the various class actions consisted of seventy-five different plaintiffs, the Court noted that each plaintiff was either a loan officer or employee with similar job titles who worked for MetLife during the same time period. *Id*. MetLife was also named as a defendant in each of the pending matters. *Id*. The Court further noted that all of the claims asserted involved claims for unpaid wages and overtime compensation against MetLife and were premised upon claims that MetLife engaged in unlawful compensation policies and practices. *Id*. at 245.  Thus, the Court

-13-

concluded that the parties, claims and relief sought in the various actions "undoubtedly have significant overlap" to justify the application of the "First-Filed" rule. *Id*.

As in *Wittenberg*, the instant action and the action "First-Filed" in federal court, Estate of Vazquez v. Z&D, et al, have substantially overlapping parties, claims and prayers for relief. Both the Plaintiff in the instant action and the Estate's decedent in the first-filed action were passengers onboard the Z&D Tour, Inc. bus on the date of the accident. Both the instant action and the first-filed action have named Z&D Tour, Inc. and FedEx Ground as Defendants. Both the Plaintiff and the Estate of the decedent seek damages arising out of FedEx Ground and Mr. Stowers alleged negligence in the operation of the tractor-trailer on the date of the accident. Although the parties and claims in the instant matter and the first-filed matter are not identical, there is sufficient overlap between the factual issues and parties in the two pending matters so as to invoke the "First-Filed" rule.

Given the strong presumption in favor of the forum of the first-filed suit, in the event that the Court declines to dismiss Plaintiff's Complaint against FedEx Ground, transfer is required in order to preserve judicial and party resources and to avoid vexatious litigation in multiple venues as well as inconsistent verdicts. *See Regions Bank v. Weider & Mastroianni, P.C.*, 170 F.Supp.2d 436, 439 (S.D.N.Y. 2001); (in applying the "First-Filed" rule, "[t]he court must take whichever action it deems proper to avoid duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication."); *see also First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d. Cir. 1989) ("[T]he first to file rule embodies considerations of judicial administration and conservation of resources."); *see also Baduria v. Sealift Holdings, Inc.*, 451 F.Supp.3d 248 (E.D.N.Y. 2020) (holding that the purpose of the "First-Filed" rule is to

promote conservation of judicial resources by avoiding duplicative litigation.). For these reasons, FedEx Ground respectfully requests, in the alternative, that this Court transfer the instant matter to the United States District Court for the Western District of Pennsylvania where personal jurisdiction may be properly exercised over all parties and where two related actions arising out of the same accident are currently pending.

## V.   **CONCLUSION**

For all of the foregoing reasons, FedEx Ground respectfully requests that this Court dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Alternatively, FedEx Ground requests that this Court transfer the matter to the Western District of Pennsylvania where personal jurisdiction is proper as to all parties.

Date: April 1, 2021
     New York, NY

Respectfully Submitted,

CALLAHAN & FUSCO, LLC

By:   _____
Christopher G. Fusco, Esquire
N.Y. Bar I.D. # 2528560

40 Exchange Place 18th Floor
New York, New York 10005
Telephone: (877) 618-9770
Facsimile: (973) 618-9772
E-mail: cfusco@callahanfusco.com
*Counsel for Defendant, FedEx Ground Package System, Inc.*

-15-